SC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

John Fratus,  )  No. CV 1-08-01500-ROS
       Plaintiff,  )  **ORDER**
vs.  )
Sergeant Peterson, et al.,  )
       Defendants.  )

This case was reassigned to the undersigned judge on November 25, 2008. (Doc.# 9.)[1] Plaintiff John Fratus, who is an inmate in the Security Housing Unit (SHU), at Corcoran State Prison, in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.) Plaintiff subsequently filed a First Amended Complaint.[2] (Doc.# 10.) Most recently, Plaintiff has filed a motion for a preliminary injunction. (Doc.#11.) The Court will order Defendants Luna, Hamilton, Solano, Cortez, Robertson, Beer, McRoberts, Lloren, Hayes, and Pightling to respond to Plaintiff's claims for the excessive use of force, failure to protect, and retaliation. The remaining Defendants and claims will be dismissed and Plaintiff's motion for injunctive relief denied without prejudice.

**I.   Statutory Screening of Complaints**

The Court is required to screen complaints seeking relief against a governmental entity

---

[1] "Doc.#" refers to the docket number of filings in this case.

[2] The First Amended Complaint supersedes the original in its entirety. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. First Amended Complaint

Plaintiff asserts violation of his Eighth Amendment rights. He sues the California Department of Corrections and Rehabilitation (CDC) and the following employees at Corcoran State Prison (CSP): Warden Adams; Chief of the Inmate Appeals Branch Grannis; Sergeants Peterson, Robertson, and Beer; Correctional Officers Luna, Hamilton, Solano, Cortez, McRoberts, Lloren, Hayes, and Pightling; and several Doe Defendants. Plaintiff seeks injunctive and compensatory.

## III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Doe Defendants

Plaintiff sues various Doe Defendants, without differentiating how any particular fictitiously named Defendant allegedly violated his constitutional rights. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional rights. If Plaintiff discovers the identities of these fictitious defendants through the discovery process, or otherwise, he may seek leave of the Court to amend to name these individuals.

**B. CDC**

Plaintiff names the CDC as a Defendant. The CDC is not, however, a proper Defendant under § 1983. Under the Eleventh Amendment to the Constitution of the United States, a state or its agencies may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "In the absence of waiver by the state or a valid congressional override, '[u]nder the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" Dittman v. State of California, 191 F.3d 120, 1025 (9th Cir. 1999) (quoting Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1989)). The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, see Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), and the United States Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity, Kentucky v. Graham, 473 U.S. 159, 169 n. 17 (1985). The State of California and its arms, such as the CDC, also are not "persons" within the meaning of § 1983. See Pennhurst, 465 U.S. at 106; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996); see also Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Accordingly, the CDC will be dismissed.

## C. Adams and Grannis

Plaintiff alleges that Defendants Adams and Grannis each failed to protect Plaintiff's safety by denying him an emergency transfer out of the Corcoran SHU. Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). However, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)). Further, an inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Rather, to state a claim for threats to safety or failure to protect, an inmate must allege *facts* to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff alleges "on information and belief" that Adams knew that some of the other Defendants were "capable of, and likely to" threaten and beat Plaintiff and allowed them to remain in positions of authority and to engage in such conduct. (Doc.# 10 at 24.) Plaintiff alleges that Adams and Grannis could have arranged for him to be transferred to another facility to prevent him from being subjected to beatings and retaliation and that they knew of Plaintiff's requests for transfer and alleged retaliation, but failed to facilitate his transfer.

(Id. at 24-25.)

Plaintiff makes only conclusory assertions that Adams and Grannis knew his safety was jeopardized; he fails to set forth specific facts to support has assertions. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Plaintiff fails to allege facts to support that Adams or Grannis personally participated in any constitutional violation or that either enacted or condoned a policy, practice, or custom resulting in a violation of Plaintiff's constitutional rights. Plaintiff therefore fail to state a claim against either.

### D. Sergeant Peterson

Plaintiff alleges the following facts against Sergeant Peterson: On June 23, 2006, Plaintiff and two other inmates were transferred from Mule Creek State Prison to the Corcoran SHU as an "emergency" transfer. (Doc.# 10 at 6.) Upon his arrival, Sergeant Peterson "threatened and assaulted" Plaintiff. (Id.) Specifically, Peterson attempted to sweep Plaintiff's legs out from under him while his cuffs were being changed by the transport officers and Peterson "violently pushed" Plaintiff's head back with his palm in an unsuccessful attempt to provoke Plaintiff into resistance. Plaintiff and the two other inmates were placed in separate cells next to each other and began conversing, when Peterson showed Plaintiff a sheet of paper and told Plaintiff that "we don't put up with this shit here at

Corcoran." (Id. at 7.) Peterson told Plaintiff that he was going to have some beatings coming to him because he had write-ups for indecent exposure and masturbating in his cell. The two other inmates heard and saw the paper describing Plaintiff's write-ups for indecent exposure and masturbation. (Id.) Plaintiff was then placed in a cell in the SHU. (Id.) The next morning, Peterson again came to Plaintiff's cell and threatened him. Several days later, Plaintiff was moved to a different cell.

To the extent that Plaintiff alleges that Peterson verbally harassed and threatened him, he fails to state a claim. As noted above, verbal harassment or abuse does not rise to the level of a constitutional violation. Oltarzewski, 830 F.2d at 139. Plaintiff otherwise alleges that Peterson pushed him in the forehead with the palm of his hand. Absent more, that does not rise to the level of excessive force. Accordingly, Plaintiff fails to state a claim against Peterson and he will be dismissed.

### E. Miscellaneous Allegations

Plaintiff alleges that various Defendants used excessive force or failed to protect him from the use of excessive force on January 10, 2007. According to Plaintiff, thereafter various acts were taken against him by unidentified officers, including tampering with his meals to expose him to disease, stealing his mail, denying him law library time, excessive searches, throwing out grievances and grievance appeals, excessive cell moves, providing him with dirty razors from inmates who are HIV positive, videotaping him without his permission, reading his mail, threatening to expose him to AIDs, denying him pens and writing materials, and confiscating his personal property. While these act may give rise to a cause of action for violation of his constitutional rights, Plaintiff fails to connect these acts to any named Defendant or to set forth specific facts, such as when and where the acts occurred. For that reason, Plaintiff fails to state a claim based on these alleged acts.

## IV. Claims for Which an Answer Will be Required

Plaintiff alleges that on July 12, 2006 and January 10, 2007, he was physically assaulted by two different sets of officers while his hands were cuffed behind his back. He alleges that on July 12, 2006, Defendants Solano, Hamilton, Luna, Cortez, and Robertson

either participated in a beating of him or were present during the beating but failed to intervene on his behalf. Plaintiff alleges that on January 10, 2007, Defendants Beer, McRoberts, Pightling, Lloren, and Hayes either participated, or were present but failed to intervene, in a second beating. Plaintiff sufficiently alleges that Defendants Luna, Solano, Cortez, Hamilton, Beer, Robertson, Pightling, and McRoberts either used excessive force against him maliciously and sadistically on July 12, 2006 and/or January 10, 2007 or failed to intervene in the use of such force. Plaintiff also sufficiently alleges that Defendants Beer and McRoberts retaliated against him for filing grievances by using excessive force against him on January 10, 2007. Defendants Solano, Hamilton, Luna, Cortez, Robertson, Beer, McRoberts, Pightling, Lloren, and Hayes will be required to respond to Plaintiff's claims for excessive force and failure to protect. Defendants Beer and McRoberts will also be required to respond to Plaintiff's claim of retaliation.

## V. Motion for a Preliminary Injunction

As noted above, Plaintiff has filed a motion for a preliminary injunction to transfer him out of the Corcoran SHU. "No preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ. P. 65(a)(1); see also LRCiv 61.1.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure."). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Plaintiff's motion will be denied for two reasons. First, no Defendant has been served with a complaint in this action or a copy of the motion for a preliminary injunction and Plaintiff has not certified to the Court in writing the efforts he has made to give notice to Defendants or reasons why notice should not be required. Second, Plaintiff has not shown that he is likely to succeed on the merits, that he may suffer irreparable harm, that the balance

of equities tips sharply in his favor, or that an injunction is in the public interest. Plaintiff's motion for a preliminary injunction will be denied.

## VI. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's claims, except to the extent stated in paragraph 2 below, and Defendants California Department of Corrections and Rehabilitation, Peterson, Adams, Grannis and the Doe Defendants are **dismissed** without prejudice. (Doc.# 10.)

(2) Defendants Luna, Hamilton, Solano, Cortez, Robertson, Beer, McRoberts, Lloren, Hayes, and Pightling must answer Plaintiff's claims for excessive use of force, failure to protect, and retaliation for filing grievances contained in the First Amended Complaint. (Doc.# 10.)

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc.# 10), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Luna,

Hamilton, Solano, Cortez, Robertson, Beer, McRoberts, Lloren, Hayes, and Pightling.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

(7) The Clerk of Court must note on the docket for this case the addition of Solano, Cortez, Robertson, McRoberts, Lloren, Hayes, Pightling, and Grannis as Defendants and must note that Defendants California Department of Corrections, Adams, Grannis, and Peterson are terminated as Defendants.

(8) Plaintiff's motion for a preliminary injunction is **denied** without prejudice. (Doc.# 11.)

DATED this 26th day of March, 2009.

Roslyn O. Silver
United States District Judge