IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Fratus,<br><br>   Plaintiff,<br><br>vs.<br><br>Sergeant Peterson, et al.,<br><br>   Defendants. | No. CV-08-01500-ROS<br><br>**ORDER** |

Defendants seek dismissal of Plaintiff's claims based on his alleged failure to exhaust administrative remedies. For the following reasons, the motion will be granted in part.

**BACKGROUND**

Plaintiff is a prisoner in a California State Prison. According to the complaint, on July 12, 2006, Plaintiff was assaulted by Defendants Luna, Hamilton, Solano, and Cortez. Plaintiff filed a grievance on August 2, 2006. Because the grievance alleged staff misconduct, the informal and first-formal levels were bypassed. The second-level response was signed by the warden and sent to Plaintiff on October 6, 2006. Defendants claim Plaintiff would have received the response "two or three days" after October 6, 2006. Plaintiff submitted a third-level appeal on October 29, 2006. That appeal was rejected as untimely.

Plaintiff allegedly was assaulted again on January 10, 2007. Defendants Beer, McRoberts, Lloren, and Pightling were the officials involved in this incident. There is no

record of a grievance in connection with that assault. The present case is a civil rights action premised on these two assaults.

Defendants have moved to dismiss, arguing Plaintiff did not timely complete the administrative review process for the July 12 incident and did not file any administrative complaint for the January 10 incident.

## ANALYSIS

### A. Motion to Dismiss Standard

Defendants seeks dismissal based on Plaintiff's alleged failure to exhaust his administrative remedies. When deciding such a motion, "the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). If Plaintiff did not exhaust his administrative remedies, this suit must be dismissed without prejudice. *Id.* A prisoner exhausts administrative remedies only by complying with all the "procedural rules" imposed by the prison. *Woodford v. Ngo*, 548 U.S. 84, 95 (2006).

### B. Defendants Have Not Established Plaintiff Failed to File a Timely Appeal Regarding the July 12, 2006 Incident

Defendants claim Plaintiff did not submit a timely appeal of the second-level response regarding the July 2006 assault. According to the record, Plaintiff received his second-level response "two or three days" after October 6, 2006. (Doc. 47 at 2). Plaintiff submitted his appeal on October 29, 2006. Assuming Plaintiff received the response on October 9, an appeal submitted on October 29 was within the fifteen working day deadline. Thus, the rejection of Plaintiff's appeal was improper.[1] Plaintiff will be deemed to have exhausted his administrative remedies. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010)

---

[1] The relevant regulation requires an appeal be submitted "within 15 working days of [the inmate] *receiving* an unacceptable lower level appeal decision." 15 Cal. Cod. Reg. § 3084.6(c) (emphasis added). Thus, Defendants' focus on October 6–the date the appeal was sent to Plaintiff–is misplaced. Defendants should have focused on when Plaintiff *received* the denial.

- 2 -

("[Prisoner's] failure to timely exhaust his administrative remedies is excused because he took reasonable and appropriate steps to exhaust . . . and was precluded from exhausting, not through his own fault but by the Warden's mistake."). The claims against Luna, Hamilton, Solano, and Cortez must proceed.

**C. Plaintiff Did Not File Any Administrative Claim Regarding January 10, 2007**

Plaintiff allegedly was assaulted on January 10, 2007. Defendants submitted evidence that Plaintiff did not file any grievance in connection with this alleged assault. Thus, Plaintiff failed to exhaust any claims he might assert in connection with this alleged assault. Defendants Beer, McRoberts, Lloren, and Pightling–the individuals allegedly involved in this incident–will be dismissed.

**D. Plaintiff Is Not Entitled to Summary Judgment or Appointment of Counsel**

Plaintiff seeks "summary judgment" against Defendant Robertson based on Robertson's failure to respond to the complaint. It appears Plaintiff is not seeking summary judgment but actually is seeking entry of default and default judgment. Accordingly, the Court will analyze Plaintiff's motion as a motion for entry of default.

The Clerk has not yet entered default and Defendant Robertson has now appeared and joined the motion to dismiss filed by the other defendants. Robertson should have responded to the complaint in a more timely manner, but "cases should be decided on their merits if possible." *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). Robertson will be directed to file an answer.

Plaintiff also seeks the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. The Court seeks volunteer counsel only in the most serious and exceptional cases and this is not such a case. The Court will not seek volunteer counsel.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 25) is **GRANTED IN PART**. Defendants Beer, McRoberts, Lloren, and Pightling are **DISMISSED**. Defendants Luna, Hamilton, Robertson, Solano, and Cortez shall file an answer to Plaintiff's complaint.

**IT IS FURTHER ORDERED** the Motion for Summary Judgment (Doc. 29) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Appoint Counsel (Doc. 48) is **DENIED**.

DATED this 22nd day of July, 2010.

_____
Roslyn O. Silver
United States District Judge