1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

John Fratus,                                  )   No. CV-08-1500-ROS
                                              )
            Plaintiff,                        )   **ORDER**
                                              )
vs.                                           )
                                              )
                                              )
Sergeant Peterson, et al.,                    )
                                              )
            Defendants.                       )
                                              )
_____ )

        Defendants Luna, Cortez, Hamilton, Robertson, and Solano moved for summary
judgment. (Doc. 71-1).  In their reply, Defendants Cortez, Hamilton, Roberston, and Solano
concede "that triable issues of [] fact remain concerning [Plaintiff's] Eighth Amendment
claim."  (Doc. 81).  Thus, summary judgment regarding those Defendants will be denied.
But Defendant Luna still seeks summary judgment, arguing Plaintiff has not sufficiently
countered the evidence that Defendant Luna was not involved in the assault.  Viewing the
evidence in the light most favorable to Plaintiff, Defendant Luna is not entitled to summary
judgment.

**I. Summary Judgment Must Be Denied**

        According to Plaintiff, on July 12, 2006, Officer Luna beat, punched, and kicked him
"in the head and body." (Doc. 79 at 6).  During his deposition, Plaintiff was asked how he
knew Officer Luna was involved in the assault.  Plaintiff stated the officer in question was

wearing a name tag identifying him as "Luna."[1]  (Doc. 79 at 148).  The written report regarding the incident identified that officer as Officer Elze.  When confronted with a copy of the report during his deposition, Plaintiff expressed some confusion about the identity of that particular officer.  Officer Luna now claims he is entitled to summary judgment because Plaintiff has not explained the inconsistency between his deposition, where he allegedly expressed some doubt about Officer Luna's identity, and his declaration where he stated unequivocally that Officer Luna was involved in the assault.  Having reviewed the deposition transcript and declaration, there is no conflict.

Throughout his deposition, Plaintiff stated he believed Officer Luna was involved in the assault.  For example, Plaintiff testified that "the officer who I believe to be Luna . . . was kicking me, punching me, whistling . . . and whistling and punching me and kicking me all over my face and all over my body."  (Doc. 79 at 165).  In his declaration, Plaintiff stated he was "thrown on the floor and beaten, punched, kicked in the head and face and body by Luna, Solano, Cortez, and Hamilton."  (Doc. 79 at 52).  There is no conflict between Plaintiff testifying an individual who *he believed to be* Luna assaulted him and then later providing a declaration stating Luna assaulted him.  There apparently *is* some disagreement about the true identity of the individual involved in the assault.[2]  But that disagreement must be resolved at trial.

**II.  Request For 56(d) Continuance Is Moot**

Plaintiff filed a motion claiming he had not been afforded adequate time to conduct discovery.  Plaintiff requested the Court either deny the motion for summary judgment or grant additional time for Plaintiff to obtain affidavits.  As the motion for summary judgment will be denied, Plaintiff's motion will be denied as moot.

---

[1] In fact, Plaintiff stated he knew "for a fact, 100 percent that this officer—his name tag stated, Luna." (Doc. 79 at 149).

[2] During his deposition, Plaintiff described the physical characteristics of the officer in question.  If those physical characteristics do not match Officer Luna, Defendants should have pointed that out rather than claiming Plaintiff made inconsistent statements.

III. **"Motion To Clarify Misunderstanding" Will Be Denied**

Plaintiff filed a motion seeking to "clarify [the] misunderstanding" regarding the alleged discrepancy between his deposition testimony and his declaration.  There is no need for this clarification and the motion will be denied.

Accordingly,

**IT IS ORDERED** the Motion for Summary Judgment (Doc. 71), the Motion Pursuant to Rule 56(d) (Doc. 80), and Motion to Clarify (Doc. 82) are **DENIED**.

Dated this 26th day of September, 2011.

_____
Roslyn O. Silver
Chief United States District Judge