IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Fratus,<br><br>          Plaintiff,<br><br>vs.<br><br>Sergeant Peterson, et al.,<br><br>          Defendants. | No. CV-08-1500-ROS<br><br>**ORDER** |

Plaintiff alleges that on July 12, 2006, Defendants Cortez, Hamilton, Luna, and Solano used excessive force while escorting him to and from the exercise yard at California State Prison–Corcoran. Plaintiff also alleges Defendant Robertson failed to protect him from these attacks. The case is scheduled for trial on January 7, 2013.

The parties filed numerous pretrial motions. On December 21, 2012, the Court held a status hearing to address some of the motions and other pretrial issues. The following order sets forth the Court's conclusions regarding the pending motions and other pretrial issues.

**I. Requests for Clarification (Doc. 93, 95)**

Plaintiff filed two requests for clarification. First, Plaintiff seeks clarification regarding the prisoner settlement program. Based on the parties' settlement submissions, the case was not selected for participation in the prisoner settlement program and the case must proceed to trial. Second, Plaintiff seeks clarification regarding the appropriate mailing

1 address for submissions. Plaintiff has submitted information to the Court throughout this
2 litigation so he is already aware of the appropriate mailing address.

3 **II. Requests for Subpoenas (Doc. 97, 115, 123)**

4 Plaintiff filed three requests regarding subpoenas. In his first filing, Plaintiff stated
5 he wished "to call 5 non-inmate witnesses to [his] trial." (Doc. 97). According to the
6 parties' Joint Proposed Pretrial Order, those five witnesses are the named defendants. It is
7 not necessary for Plaintiff to subpoena these individuals. Instead, they will be ordered to
8 appear at trial. *Square D Co. v. Breakers Unlimited, Inc.*, 2009 WL 1702078 (S.D. Ind. June
9 11, 2009) (it is unnecessary to subpoena a party to testify at trial because a court order
10 requiring attendance will suffice). Therefore, Plaintiff's first motion for subpoenas will be
11 denied as unnecessary.

12 Plaintiff's second and third motions for subpoenas state that in addition to the named
13 Defendants, Plaintiff also wishes to call the following six individuals: Lieutenant Callow,
14 Sergeant Swetich, Nurse Morales, Nurse Trovao, Psychiatric Technician Besse, and Dr.
15 Talisman. Plaintiff identified Lieutenant Callow, Sergeant Swetich, and Nurse Trovao in the
16 parties joint proposed pretrial order. (Doc. 104-1). Plaintiff has not explained why he did
17 not identify Nurse Morales, Psychiatriac Technician Besse, or Dr. Talisman in the joint
18 proposed pretrial order. Moreover, these three witnesses appear duplicative and unnecessary.
19 Therefore, Plaintiff will not be allowed to call Nurse Morales, Psychiatric Technician Besse,
20 or Dr. Talisman.

21 Plaintiff has not provided the witness fees necessary to secure the attendance of
22 Lieutenant Callow, Sergeant Swetich, or Nurse Trovao. At the December 21 status
23 conference, however, defense counsel indicated a willingness to produce these witnesses at
24 trial without Plaintiff tendering the fees provided these individuals are still employed by the
25 California Department of Corrections. If these individuals are not still employed by the
26 Department of Corrections, Plaintiff must submit the requisite witness fees. Defense counsel
27 will be ordered to inform Plaintiff whether he needs to tender the fees. If he does, defense

28

1  counsel should specify the total amount of fees Plaintiff must provide.  After Plaintiff
2  submits the witness fees, the Marshals will serve the subpoenas and witness fees.

3  **III.  Modification to Pre-Trial Order (Doc. 100)**

4  Plaintiff filed a "Motion to Modify the Court's Proposed Pre-Trial Order."  (Doc.
5  100).  According to that motion, Plaintiff wished to modify the proposed pre-trial order to
6  include "the relief that Plaintiff wants . . . the defenses claimed by the defendants . . . facts
7  that the parties stipulate to . . . issues of fact and questions of law that remain to be decide[d]
8  at trial . . . witnesses that each party will call . . . [and] exhibits that each party will
9  introduce."  (Doc. 100 at 1).  The proposed pretrial order filed by the parties contains this
10 information, meaning Plaintiff's motion is unnecessary.  Plaintiff's motion will be denied as
11 moot.

12 **IV.  Motion in Limine Regarding Videotaped Statement (Doc. 102)**

13 On July 18, 2006, Plaintiff made a videotaped statement regarding the July 12
14 incident.  Plaintiff has moved to prevent Defendants from using that statement at trial.
15 According to Plaintiff, at the time of the statement "he was under duress, involuntarily doped
16 up on powerful antipsychotic drugs . . . coerced by threat of physical harm . . . as well as
17 criminal charges."  (Doc. 102 at 1-2).  Defendants oppose the motion, claiming Plaintiff's
18 concerns should go to the weight not admissibility of the videotape.  Defendants are correct.
19 Pursuant to Federal Rule of Evidence 801(d)(2), the videotaped statement does not
20 qualify as hearsay.  Therefore, to the extent Plaintiff claims his statement should not be
21 believed for various reasons, he is free to argue that to the jury.  There is not, however, any
22 basis to exclude the statement.

23 **V.  Disciplinary Proceedings (Doc. 101, 96)**

24 The parties filed separate motions regarding prison disciplinary proceedings initiated
25 against Plaintiff.  Defendants seek to prevent Plaintiff from introducing evidence regarding
26 the disciplinary proceedings initiated against Plaintiff as a result of the July 12, 2006
27 incident.  Plaintiff, however, wishes to allow evidence regarding the disciplinary hearing
28 stemming from the July 12, 2006 incident but prohibit evidence from any other disciplinary

1 hearing. It is unclear what relevance the disciplinary hearing regarding the July 12, 2006 2 incident would have to the present suit. It is also unclear how evidence regarding other 3 disciplinary proceedings would be relevant. The Court will reserve ruling on this issue until 4 the parties are better able to present the relevance of the disciplinary proceedings.

**VI. Defendants' Motions in Limine**

Defendants filed numerous motions in limine. One of those motions was addressed in the previous section regarding the disciplinary proceedings at trial. The remaining motions are addressed below.

### 1) Medical and Mental-Health Conditions

Defendants seek an order preventing Plaintiff from introducing into evidence "various documents concerning his admission in to the psychiatric ward . . . , forced medication, and medical treatment following the incident on July 12, 2006." (Doc. 96 at 2). Defendants believe Plaintiff should also be barred from "testifying about a purported conspiracy between Defendants and medical staff" and about "whether his admission to the psychiatric ward and subsequent court-ordered medication of psychotropic drugs was proper."

At the present time, it is unclear why Plaintiff believes any of this testimony would be relevant. The Court will reserve ruling on this issue pending further explanation from Plaintiff. At the final pretrial conference, Plaintiff must be prepared to explain how this evidence is relevant to determining whether Defendants used excessive force against him and whether Defendant Robertson failed to protect him.

### 2) Other Claims and Incidents

Defendants seek to prevent Plaintiff from referencing any other claims or incidents beyond those which are the subject of this suit. In particular, Defendants want to prevent Plaintiff from referencing Defendants' involvement in other excessive force lawsuits. Defendants' request will be granted and Plaintiff will be limited to presenting evidence and testimony regarding the events of July 12, 2006.

**3) Offers to Compromise**

Defendants wish to preclude Plaintiff from referencing any of the parties' settlement discussions. Federal Rule of Evidence 408 provides that offers to compromise are inadmissible to prove "the validity or amount of a disputed claim." Plaintiff has not identified any permissible reason for introducing the parties' settlement discussions, meaning the motion will be granted.

**4) Indemnification**

Defendants believe Plaintiff should be prohibited from referencing "Defendants' indemnification by the State or [Department of Corrections]." (Doc. 96 at 7). The fact of indemnification is not relevant to Plaintiff's claims. Therefore, the motion will be granted.

**5) Felony Conviction**

Defendants wish to introduce Plaintiff's felony conviction. Plaintiff is currently serving a twenty-five-years-to-life sentence for his 2005 conviction for assault with a weapon. Pursuant to Federal Rule of Evidence 609, the fact of Plaintiff's conviction "must be admitted, subject to Rule 403." Based on the present record, and assuming Defendants lay the proper foundation, the fact of Plaintiff's conviction is admissible.

**6) Narrative Testimony**

Defendants seek to prevent Plaintiff from testifying in the narrative form. Instead, Defendants believe Plaintiff should be "required to testify in a question-and-answer method." (Doc. 96 at 9). Plaintiff has filed a motion seeking permission to testify in the narrative form. (Doc. 110). The question-and-answer format is more appropriate. Plaintiff will either be questioned by his standby counsel or he will be required to write out the questions he will ask himself. Plaintiff must be prepared to discuss this issue at the Final Pretrial Conference.

**VII. Exhibits**

The parties have filed separate lists of the exhibits they plan to introduce at trial. Those lists appear to contain many of the same documents. In advance of the Final Pretrial Conference, the parties will be required to submit a comprehensive list containing all the

exhibits to be used at trial. That list should identify those exhibits the parties will stipulate to and the *specific* objections to the remaining exhibits.

**VIII. Jury Instructions**

The parties have submitted competing sets of jury instructions. Absent *compelling* circumstances, the Court will use the 9th Circuit Model Jury Instructions. At the Final Pretrial Conference, the parties must be prepared to discuss the circumstances justifying variances from the model jury instructions.

Accordingly,

**IT IS ORDERED** the Motion for Clarification (Doc. 93) is **GRANTED IN PART**. This case was not selected for further settlement proceedings.

**IT IS FURTHER ORDERED** the Motion for Clarification (Doc. 95) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the Motion in Limine (Doc. 96) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** the Motion for Subpoenas (Doc. 97) is **DENIED**. Each Defendant shall appear in-person for the trial.

**IT IS FURTHER ORDERED** the Motion in Limine for Opening Statement (Doc. 99) is **DENIED AS MOOT**. Plaintiff will be permitted to make an opening statement.

**IT IS FURTHER ORDERED** the Motion to Modify the Pre-Trial Order (Doc. 100) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion in Limine to Suppress Videotape (Doc. 102) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Excuse Late Filing (Doc. 106) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Introduce Admissible, Relevant, Material Evidence (Doc. 109) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Correct/Clarify Error (Doc. 113) is **DENIED**.

1    **IT IS FURTHER ORDERED** the Motion for Writ (Doc. 115) is **GRANTED IN
2    PART**. No later than **December 31, 2012**, Defendants shall inform Plaintiff whether
3    Lieutenant Callow, Sergeant Swetich, and Nurse Trovao will be voluntarily produced. If
4    they will not, no later than **December 31, 2012** Defendants shall provide the total amount
5    of fees Plaintiff must tender for the subpoenas to be issued to Lieutenant Callow, Sergeant
6    Swetich, and Nurse Trovao. No later than **January 3, 2012** Plaintiff must then tender the
7    witness fees to the Court.
8    **IT IS FURTHER ORDERED** no later than **December 31, 2012** the parties shall file
9    a joint list of exhibits identifying the stipulated exhibits and the objections to each exhibit.
10   **IT IS FURTHER ORDERED** the Motion to Amend (Doc. 116) is **DENIED** as
11   untimely.
12   **IT IS FURTHER ORDERED** the Motion for Settlement Conference (Doc. 120),
13   Motion for Sanctions (Doc. 122), and Motion for Subpoena (Doc. 123) are **DENIED**.
14   **IT IS ORDERED** the California Department of Corrections shall allow Plaintiff to
15   participate via telephone at the Final Pretrial Conference on January 3, 2013 at 2:30 p.m.
16   Arizona time.
17   **IT IS FURTHER ORDERED** the California Department of Corrections shall make
18   Plaintiff available for a telephonic conference with Donald A. Lancaster, Jr. **prior** to January
19   3, 2013 at a date and time selected by Mr. Lancaster. The telephonic conference shall be at
20   least two hours.
21   DATED this 26th day of December, 2012.

_____
Roslyn O. Silver
Chief United States District Judge