# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Fratus, | No. CV-08-1500-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Peterson, et al., | |
| Defendants. | |

On October 24, 2014, Defendants filed a Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. (Doc. 171.)

## NOTICE — WARNING TO PLAINTIFF

Defendants' Motion for Summary Judgment seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine dispute of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. Because Defendants seek summary judgment based on your failure to exhaust prison administrative remedies, if

Defendants produce admissible evidence demonstrating that you failed to exhaust available administrative remedies, your complaint will be dismissed without prejudice unless your response to Defendant's motion includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you. Types of admissible evidence may include copies of your grievances, grievance responses, and sworn declarations.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says to oppose that motion. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 260 of the Local Rules of Civil Procedure also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law.

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to the Motion for Summary Judgment as consent to the granting of that Motion without further notice, and the Court may enter judgment and dismiss this action with prejudice. *See Brydges v. Lewis,* 18 F.3d 651 (9th Cir. 1994) (per curiam).

Accordingly,

**IT IS ORDERED** that Plaintiff must file a response to the Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts by November 28, 2014.

**IT IS FURTHER ORDERED** that Defendants may file a reply within fifteen (15) days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 24th day of October, 2014.

Honorable Roslyn O. Silver
Senior United States District Judge