IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| John Fratus,<br><br>                    Plaintiff,<br><br>v.<br><br>Peterson, et al.,<br><br>                    Defendants. | No. 1:08-cv-01500 ROS<br><br>**RULE 16 SCHEDULING ORDER** |

   Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.

   A.   All proceedings concerning this case shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court, Eastern District of California.

   B.   Under FRCP 26(a)(1)(B)(iv), this case is exempt from the initial disclosures requirement of FRCP 26(a)(1).

   C.   No further amendments to the complaint or joinder of additional parties will be allowed.

D. The parties shall disclose the identity of all persons who may be used at trial to present evidence under Federal Rules of Evidence (FRE) 701, 702, 703, 704, and 705 no later than **August 31, 2015**. No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order have been made. The disclosures of the identities of all persons who may be used at trial to present evidence under FRE 701,702, 703, 704, or 705 shall also include all of the disclosures required by FRCP 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.[1]

E. All discovery, including answers to interrogatories, production of documents, depositions, requests to admit, and third-party discovery under FRCP 45 shall be completed by **August 31, 2015**.

F. Responses to written discovery requests shall be due 45 days after the request is first served. To ensure that the responding party has 45 days after the request is first served to respond, discovery requests must be served at least 45 days before the August 31, 2015 deadline.

G. Under FRCP 26(e), the parties are under an ongoing duty to supplement their discovery responses as new or additional information or documents are discovered. The parties shall finally supplement all discovery, including material changes in expert witness opinions and material disclosures, pursuant to FRCP 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **September 11, 2015**.[2]

---

[1] The parties are on notice that this Order requires disclosure different than that required by FRCP 26(a)(2).

[2] The parties are on notice that this order supersedes the "30 days before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules, and the inherent power of the Court.

    H.    Depositions shall be limited by the national uniform requirements set forth in Rules 30, 31, and 32 of the FRCP.  Defendants may take Plaintiff's deposition by videoconferencing upon fourteen days' notice and without further leave of Court.

    I.    Discovery by interrogatory shall be governed by the national uniform requirements set forth in FRCP 33.

    J.    The parties are limited to 25 requests for admission made according to FRCP 36, and 25 requests to produce made according to FRCP 34.

    K.    If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including FRCP 5, 7, 11, 26, and 37 and Local Rules 110, 130, 131, 133, 135, 142, 144, and 230(l).  Unless otherwise ordered both Local Rule 251 and the requirement set forth in FRCP 26 and 37 that a party seeking relief from the court certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply.  However, voluntary compliance with this provision of FRCP 26 and 37 is encouraged.  A discovery motion that does not comply with all applicable rules will be stricken and may result in imposition of sanctions.  Discovery-related motions must be filed no later than **August 3, 2015**.

    L.    This Order contemplates that each party will conduct discovery to permit completion within the deadline.  Any discovery which results in insufficient time to undertake necessary additional discovery and which requires an extension of the discovery deadline will be met with disfavor, will only be granted for good cause or only to prevent manifest injustice pursuant to FRCP 16(b) and (e), and may result in denial of an extension, exclusion of evidence, or the imposition of other serious sanctions pursuant to FRCP 37(b),(c),(d).

    M.    All dispositive motions shall be filed no later than **September 18, 2015**.  Unless permitted by Order of the Court, only one dispositive motion is allowed to be filed by each party.

    N.    All parties are specifically admonished that pursuant to Local Rules 133, 230, and 260, a motion that does not conform in all substantial respects with the requirements of these Rules, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non compliance

may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

  O. The parties shall keep the Court apprised of settlement negotiations and the progress of discovery.  A joint statement to the Court concerning the status of settlement discussions (containing no specific settlement terms or offers) and the progress of discovery shall be filed by **May 27, 2015** and initially labeled "First Notice of Discovery and Settlement," and shall be subsequently filed, if necessary, every four (4) months thereafter.  If settlement is reached, the parties shall file a Notice of Settlement as required under Local Rule 160 with a copy to Judge Silver's Chambers.

  P. A Joint Proposed Pretrial Order, all Motions in Limine, a Joint Statement of the Case, Joint Jury Instructions, Verdict Form, and Stipulated Voir Dire Questions to be added to the Court's standard Jury Questionnaire shall be lodged and filed by **September 21, 2016**.  If dispositive motions have been filed, the Joint Proposed Pretrial Order and Motions in Limine and other documents shall be due either on the above date or 30 days following resolution of the dispositive motions, whichever is later.  The content of the Joint Proposed Pretrial Order is that prescribed in the Court's form of Joint Proposed Pretrial Order.  (*See* Court's website: www.azd.uscourts.gov / Judges' Information / Orders, Forms & Procedures.)  Responses to Motions in Limine are due 15 days after the Motions are filed, and no Replies are permitted unless specifically ordered by the Court.

  Q. The attorneys who will be trying the case for each of the parties shall appear at the Final Pretrial Conference that will be scheduled as promptly as possible after the filing of the Joint Proposed Pretrial Order.  The attorneys appearing at the conference shall be prepared to address the merits of all issues raised in the Joint Proposed Pretrial Order and fully briefed Motions in Limine.  Unless one has already been established, the Court will set a firm trial date at the Pretrial Conference, and will sign the Final Pretrial Order with any additional instructions for trial preparation.

  R. Any other final pretrial matters required pursuant to FRCP 26(a)(3) are due in accordance with this Order prior to the preparation and filing of the Joint Proposed Pretrial Order.

S.   The parties shall file their proposed voir dire questionnaire and questions, statement of the case, jury instructions, and form of verdict in Microsoft Office Word 2007 or WordPerfect 9.0 format in addition to other written materials filed with the Clerk of the Court.

This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under FRCP 1.

Dated this 4th day of March, 2015.

                                      Honorable Roslyn O. Silver
                                      Senior United States District Judge